**GDG ACQUISITIONS LLC, Plaintiff,**

**v.**

**The GOVERNMENT OF BELIZE, Defendant.**

**Case No. 12–20558–CIV.**

United States District Court, S.D. Florida.

March 28, 2013.

**1350**

Andrew E. Rubenstein, Arthur S. Feldman, The Mallia Law Firm, P.C., Houston, TX, Angela Valentina Arango–Chaffin, Chaffin Law Firm, Miami, FL, for Plaintiff.

John B. Atkinson, Krystina Noelle Jiron, Atkinson & Brownell PA, Miami, FL, Juan C. Basombrio, Dorsey & Whitney, Costa Mesa, CA, for Defendant.

### FINAL ORDER OF DISMISSAL

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court upon Defendant The Government Of Belize's Motion To Dismiss The Complaint (DE 20). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

#### Introduction

Plaintiff GDG Acquisitions LLC ("GDG") is a Florida limited liability company with its place of business in Leon County, Florida. Defendant the Government of Belize is a foreign sovereign nation. Plaintiff acquired a Master Lease Agreement and related interest by way of an assignment from International Telecommunications Limited ("Intelco"), a Belizean limited liability company. At the time the contract was negotiated and executed, the only Parties involved were Belizean entities. Further, the subject matter of the contract involved telecommunications services to be provided in Belize. It was not until the assignment of the contract to Plaintiff GDG, that an American entity became involved in the transaction leading to the eventual filing of this case. Upon the Government of Belize's alleged breach of the contract, Plaintiff initiated the above-styled cause in this Court, pursuant to the original jurisdiction granted to this Court by 28 U.S.C. § 1330.

By the instant Motion (DE 20), Defendant raises three grounds upon which it argues the Court should dismiss the above-styled cause. Defendant argues that this Court lacks subject matter jurisdiction over it because it is entitled to foreign sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, that the doctrine of *forum non conveniens* warrants dismissal, and that the action is additionally subject to dismissal under the doctrine of international comity.

#### I. Forum Non Conveniens

Normally, a court may not act upon a case or controversy brought before it unless it is first satisfied that it has jurisdiction over the subject matter. *See Davis v. Passman,* 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (noting that "jurisdiction is a question of whether a federal court has the power, under the Constitution and the laws of the United States, to hear a case") (emphasis removed). Thus, in the past, a court would have had first to decide whether it had jurisdiction over the parties and subject matter before addressing a *forum non conveniens* argument. *See e.g.,* Fleming James, Jr. & Geoffrey C. Hazard, Jr., *Civil Procedure* § 2.31 (3d ed. 1985) ("The *forum non conveniens* rule has application

only if the court has jurisdiction ....."), *cited in Lops v. Lops,* 140 F.3d 927, 952 n. 15 (11th Cir.1998). However, the Supreme Court has now made clear that, if "subject matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 425, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). "A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."

■ The doctrine of *forum non conveniens* justifies dismissal "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Because the doctrine concentrates on issues other than the substance of the dispute, it is referred to as a "nonmerits ground for dismissal." *Sinochem Int'l,* 127 S.Ct. at 1187. Thus, considerations of "convenience, fairness, and judicial economy" guide the Court's decision. *Id.* at 1186–87. A court properly dismisses an action pursuant to the doctrine of *forum non conveniens* when an adequate alternate forum is available, and private and public interests weigh in favor of dismissal. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 951 (11th Cir.1997) (citations omitted). Finally, a court should consider whether "the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Liquidation Com'n of Banco Intercontinental, S.A. v. Renta,* 530 F.3d 1339, 1356 (11th Cir.2008)

(*citing Membreno v. Costa Crociere S.p.A.,* 425 F.3d 932, 937 (11th Cir.2005)).

### A. Adequacy of the Alternate Forum

■ To justify dismissal, an alternate forum must be not simply available, but must be adequate to provide relief to the deserving party. *BCCI Holdings,* 119 F.3d at 951–52. A defendant usually establishes that an adequate alternate forum exists by showing that it is amenable to process in the alternate forum. *Id.* at 951 (*quoting Piper Aircraft Co.,* 454 U.S. at 254 n. 22, 102 S.Ct. 252 (*quoting Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947))). When a non-movant shows that the remedy offered by the alternate forum is clearly unsatisfactory, the other forum is not an adequate alternative. *BCCI Holdings,* 119 F.3d at 951 (*quoting Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. 252).

■ Defendant, the Government of Belize, has asserted that the courts of Belize are an adequate alternate forum for this litigation. Thus, although not specifically stated in its Motion (DE 20), Defendant implies that it is amenable to process in Belize because adjudication of the merits can take place there. Plaintiff does not establish that the remedy available in Belize is inadequate. *BCCI Holdings,* 119 F.3d at 951. Accordingly, the Court finds that Defendant has established the availability of an adequate alternative forum.

### B. Balance of Private and Public Factors

■ The second step in the Court's analysis is to determine whether the balance of private and public interests weighs in favor of dismissal. *Id.* "Relevant private factors include the relative ease of access to sources of proof, ability to obtain witnesses, and all other practical problems that make trial of a case easy, expeditious

and inexpensive." *Id.*, 119 F.3d at 952 (quotation omitted).

### i. *Private Factors*

 Plaintiff complains of a breach of contract by Defendant. The Master Lease Agreement (DE 1–5) deals with telecommunications services to be provided in Belize. At the time the contract was initially made, it was executed between a Belizean entity (Intelco) and the Government of Belize, and only the financing bank was located in Miami. It is only now, at this stage of litigation, that the contract has been assigned to an American entity, Plaintiff GDG. Defendant has posited that all of Intelco's and the Government of Belize's witnesses and documents are located in Belize. Further, courts in Belize will be more likely to gain compulsory process over witnesses who can testify to the terms of the contract. *See Renta*, 530 F.3d at 1356. Thus, any evidence of wrongdoing, or any evidence of the Parties' obligations under the contract, will be found outside of the United States. Further, assuming a judgment is entered against Defendant, it would be more feasible for a Belizean court to enforce a judgment against the very Government of Belize than for a District Court in the United States to do so. *Id.* (finding the "enforceability of judgments to be one important public factor weighing in favor of dismissal).

### ii. *Public Factors*

 Defendant must also establish that public interest factors weigh in favor of dismissal. "Relevant public interest factors include the sovereign's interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." *BCCI Holdings*, 119 F.3d at 953 (citation omitted). As far as the Court is aware, the instant dispute has not been litigated in any suit in the Belizean court system. Therefore, the Court is unaware of whether the Belizean courts would have an interest in adjudicating the dispute in place of this Court. Surely, the Defendant, the Government of Belize, would like to see this dispute adjudicated in its own nation. Further, while the United States and the State of Florida certainly have an interest in seeing to the enforcement of lawfully executed contracts, the administrative burdens of maintaining this suit in this forum and the application of foreign law preclude efficient litigation here. The administrative burdens of litigating a dispute involving a breach of contract for telecommunication services for a Defendant located in Belize are obvious. Further, this was a contract that was to be performed wholly outside of the United States. Even if adjudication were in this forum, the telecommunication services required by the contract to be performed elsewhere would make the choice of law analysis and the actual application of that law to the instant action extremely complicated. For example, an adjudication of this matter would require an interpretation of Belizean laws and documents, such as the Constitution of Belize. Certainly the Belizean court system has an interest in a proper interpretation of this central governing document. Therefore, the Court finds that the balance of public factors weigh in favor of dismissal as well.

### iii. *Inconvenience or Prejudice of Initiating the Litigation in the Alternative Forum*

 Finally, it is important to note that Plaintiff GDG can reinstate its lawsuit in Belize. It goes without saying that the Government of Belize is subject to jurisdiction in its own nation. And there has been no indication by Plaintiff that there are any other obstacles impeding the initiation of this same lawsuit in Belize.

## II. International Comity

The doctrine of international comity "encompasses the principle of respect for the acts of sovereign nations." *Belize Telecom, Ltd. v. Gov't of Belize,* 528 F.3d 1298, 1305 (11th Cir.2008). As the Supreme Court has explained the importance of this doctrine: "it contributes so largely to promote justice between individuals, and to produce a friendly intercourse between the sovereignties to which they belong, that courts of justice have continually acted upon it as part of the voluntary law of nations." *Bank v. Earle,* 38 U.S. 519, 589, 13 Pet. 519, 10 L.Ed. 274 (1839). In some cases, such as *Belize Telecom,* courts have looked to the existence of a foreign judgment to determine whether it will defer to the ruling of the court of that nation. 528 F.3d at 1305.

However, even outside of the existence of an actual judgment by a foreign court, the Eleventh Circuit has highlighted the importance of a court's consideration of "the relative strengths of the foreign and domestic interests in the litigation as relevant to a consideration of international comity." *Id.* As the Eleventh Circuit has stated specifically about Belize's legal system: there is "no evidence that the Belizean judicial system affords litigants treatment that is inconsistent with American notions of due process" nor is there any evidence that Belize "lack[s] any element of civilized jurisprudence." *Id.*

Thus in *Belize Telecom,* the Eleventh Circuit found that the interests of Belize far outweighed the interests of the United States for multiple reasons. *Id.* at 1307. First, an adjudication of that case required "the interpretation of the articles of association of a Belizean corporation pursuant to Belize law." *Id.* The Eleventh Circuit also found important the fact that "[t]he consequences of the litigation [would] affect Belizean parties, and to the extent that the litigation might have any effect on the delivery of telecommunications services, the effect would be on the citizens of Belize." *Id.* On the other hand, no parties to that litigation were American. *Id.*

The above-styled cause is similar to *Belize Telecom* for various reasons, and the Court finds that the interests of the Belizean nation far outweigh the interests of the United States. First, an adjudication of this case will require an interpretation of Belizean law—such as the Belize Constitution Act, the Belize Finance and Audit Reform Act of 2005, the Belize Telecommunication Act of 2002, and the Finance and Audit Act of 2000. Specifically, the trier-of-fact must determine whether under these various laws, a Cabinet level minister of Belizean government could possess the inherent power to bind the Belizean government to contracts. And the Belizean court system likely has a strong interest in seeing that its national laws are properly interpreted. Second, this case, just like *Belize Telecom,* involves telecommunications services, which, as the Eleventh Circuit found, was an especially important factor because the availability of such services could effect the citizens of Belize. While the United States does have a general interest in seeing that a party's contractual obligations are honored, the effects of this litigation will be slight on the American population as opposed to the potential effects upon the Belizean population. Therefore, the Court finds that the doctrine of international comity also weighs in favor of dismissal.

## Conclusion

In sum, pursuant to *BCCI Holdings,* the Court finds that the balance of private and public interests, as well as the availability of an adequate alternate forum, demand dismissal of the above-styled cause pursuant to the doctrine of *forum non conve-*

*niens.* The Court further finds that under the doctrine of international comity the case should be dismissed. Therefore, the other considerations made by Defendant's instant Motion (DE 20) need not be addressed.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant The Government Of Belize's Motion To Dismiss The Complaint (DE 20) be and the same is hereby **GRANTED;**

2. The above-styled be and the same is hereby **DISMISSED;** and

3. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.